**UNITED STATES**

v.

**Senior Airman Patrick T. RAYNOR,
United States Air Force.**

ACM 35449(reh).

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 2 Nov. 2005.

12 June 2008.

694

Appellate Counsel for the Appellant: Lieutenant Colonel Mark R. Strickland, Captain Timothy M. Cox, and Captain Anthony D. Ortiz.

Appellate Counsel for the United States: Colonel Gerald R. Bruce, Major Matthew S. Ward, Major Martin J. Hindel, Major Donna S. Rueppell, and Captain Jamie L. Mendelson.

Before SCHOLZ, JACOBSON, and THOMPSON, Appellate Military Judges.

1. The appellant was charged with two specifications of indecent acts with a child under Article 134, UCMJ; he pled guilty to the lesser included offense of assault consummated by a battery in violation of Article 128.

## OPINION OF THE COURT

THOMPSON, Senior Judge:

This case is before us for the second time. The appellant was originally convicted, in accordance with his pleas, of two specifications of assault consummated by a battery on a child under 16 and two specifications of possession of child pornography, in violation of Articles 128 and 134, UCMJ, 10 U.S.C. §§ 928, 934.[1] The general court-martial, consisting of a military judge sitting alone, sentenced the appellant to a dishonorable discharge, 6 years confinement, and reduction to E–1. The convening authority approved the sentence as adjudged. This Court affirmed the findings of guilty as to the specifications of assault consummated by a battery, but set aside the findings of guilty as to the two specifications of possession of child pornography, and authorized a rehearing on those specifications, as well as to the sentence. *United States v. Raynor*, ACM 35449, 2005 WL 747435 (A.F.Ct.Crim.App. 14 Mar. 2005) (unpub. op.).

The rehearing took place before a general court-martial composed of a military judge sitting alone. In addition to the rehearing on sentence for the two affirmed specifications, new charges were brought against the appellant. The two specifications alleging possession of child pornography, which this Court set aside, were withdrawn and consolidated into a single charge and specification. The appellant also faced new charges of indecent liberties, sodomy, assault, and enticing minors to engage in sexually explicit conduct. Pursuant to his pleas, the appellant was found guilty of assault consummated by a battery on a child under 16, in violation of Article 128, UCMJ, 10 U.S.C. § 928; one specification of possession of child pornography, two specifications of enticing minors to pose for sexually explicit photographs,[2] and two specifications of indecent liberties by taking photographs of the genitals of children under the age of 16, in violation of Article 134, UCMJ, 10 U.S.C. § 934. The

2. This offense, a violation of 18 U.S.C. § 2251(a), was charged under the "crimes and offenses not capital" clause of Article 134, UCMJ, 10 U.S.C. § 934.

appellant was acquitted of two other specifications of indecent liberties and of sodomy.

The military judge sentenced the appellant to a dishonorable discharge, confinement for 30 years, reduction to the grade of E–1 and forfeiture of all pay and allowances. The convening authority reduced the confinement to 20 years pursuant to a pretrial agreement, and approved the remainder of the sentence. He waived automatic forfeitures for the benefit of the appellant's children.

The appellant asserts five assignments of error, listed in the order in which they will be discussed: (1) appellant's pleas of guilty were not made knowingly and should be withdrawn because the pretrial agreement created the possibility of anomalous results and because the pretrial agreement is against public policy; (2) the four specifications collectively alleging enticement to pose for photographs and photographing the minors are an unreasonable multiplication of charges with the two original specifications of indecent liberties; (3) the specifications alleging enticement to engage in sexually explicit conduct for photographs are an unreasonable multiplication of charges of the specifications alleging taking of the photographs; (4) the convening authority's action is inconsistent with his intent that mandatory forfeitures be waived; and (5) the appellant's conviction for assault and battery of JPR should be set aside because the statute of limitations had run. We have examined the record of trial, the assignments of error, and the government's response. We find merit as to the final two assignments of error and take corrective action.

*Background*

At the time of the alleged offenses the appellant resided on Minot Air Force Base (AFB), North Dakota. He had become friends with and socialized with a military family also residing on Minot AFB. This family included two girls, E.V. and T.V. At the time of the offenses, E.V. was eight years old, and T.V. was just seven. On 25 July 2000, the appellant took T.V. and E.V. to a movie theater, and then to a local motel where he had rented a room. While at the hotel, the appellant placed a vibrator, which was operating at the time, against the bodies of both children, including their genital areas. The appellant also had T.V. pose with her sister, E.V., in various sexually explicit positions. The appellant admitted that he used a digital camera to photograph the girls when they were getting undressed, and after they were naked he had them pose and spread their legs. Some of the photographs he took were of the girls using the vibrator on each other, and engaging in other sexually explicit conduct. The appellant also photographed himself nude in the presence of the children.

The appellant also admitted that from May 2000 to October 2000 he possessed some 253 visual pictures of minors engaged in sexually explicit conduct. The depictions of minors engaging in sexually explicit conduct were of girls by themselves, girls with other girls, girls with men, and boys with other boys. Of the images the appellant possessed, 170 were identified by the National Center for Missing and Exploited Children as known victims of child pornography.

*Pretrial Agreement and Guilty Plea*

The appellant and the convening authority entered into a pretrial agreement whereby the appellant agreed to plead guilty to some of the charges and specifications. The appellant also agreed to ask the military judge to announce two sentences. First, the military judge would be asked to announce one sentence for Specifications 3 and 4 of the Additional Charge and Specification 1 of the Second Additional Charge. These comprised the assault and batteries and the possession of child pornography from his first court-martial. Second, the military judge would be asked to announce a separate sentence for the remaining charges and specifications. In exchange for the appellant's offer, the convening authority agreed to limit the maximum confinement to 4 years for the offenses from the first court-martial and 16 years for the additional charges, if the military judge agreed to announce two sentences. If the military judge would not agree to announce two sentences, the confinement approved would be limited to 20 years.

The appellant pled guilty pursuant to the pretrial agreement, and after the providency

inquiry and review of the offer portion of the agreement, the military judge stated he would announce only one sentence but would explain how he arrived at the sentence, considering the dual purpose of the trial. When announcing the sentence the military judge explained that had he sentenced the appellant based solely on the assaults and child pornography possession from the first trial,[3] he would have sentenced the appellant to confinement for 5 years.

The appellant first alleges that his pleas of guilty were improvident because the pretrial agreement allowed for "alternative scenarios" regarding confinement and therefore it created an ambiguity. He asserts that, depending on whether the military judge agreed to announce separate sentences, and how much confinement was allotted for each set of offenses, the approved sentence possibly could have been two different lengths, with no "guarantee" that he would receive the "less harsh" result. The appellant asserts that such a mistake affects the validity of the pretrial agreement and the plea. In the alternative, the appellant argues the PTA should be found void as against public policy in that it required the appellant to pierce, or attempt to pierce, the deliberative process of the military judge. He asserts the military judge's decision on sentence was within his discretion, and how he arrived at the determination is confidential.

Although framed as an error in terms of the providency of his plea, the appellant's argument is essentially an attack on the terms of the pretrial agreement. The appellant "bears the burden of establishing that there is a significant basis in law or fact to overturn a guilty plea." *United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F.2006).

■ The interpretation of a pretrial agreement is a question of law which we review de novo. *United States v. Acevedo*, 50 M.J. 169, 172 (C.A.A.F.1999). We first review the plain language of the pretrial agreement, and determine that it is neither misleading nor ambiguous. In his argument the appellant concedes that the "spirit" of the

agreement was to limit maximum confinement to 20 years. We disagree, however, with his contention that, because the approved sentence was subject to two different possibilities, the pretrial agreement created a "potential ambiguity" which would allow the appellant to withdraw his pleas of guilty. Although on its face the agreement provides for options regarding possible sentences the convening authority might approve, we find such options do not render the plain language of the pretrial agreement misleading. By the clear language of the appellant's offer, he was to request announcement of two separate sentences, and the convening authority would approve confinement based on whether the military judge agreed to do so or not. This language does not support appellant's assertion that the pretrial agreement is misleading.

■ Furthermore, there is no indication that the appellant did not understand the material terms of the pretrial agreement. During the inquiry into the appellant's plea, the appellant confirmed that he had read the agreement, that he understood the terms of the agreement and how they affected his case, and that he did not need further time to review the agreement. During the providency inquiry the military judge explained how he would announce the sentence, and both parties at trial indicated they agreed and understood. At no time during the inquiry did either the appellant or the trial defense counsel raise any questions or concerns about the agreement. After the sentence was announced the trial defense counsel indicated he had no questions about the sentence. After reviewing the appendix to the pretrial agreement, the military judge announced the sentence that could be approved pursuant to the agreement. The military judge asked the appellant directly if that was his understanding of the effect of the pretrial agreement and the appellant concurred, as did his defense counsel. Following the trial both the trial defense counsel and the appellant submitted separate written clemency petitions to the convening authority. Neither

**3.** Specifications 3 and 4 of the Additional Charge and Specification 1 of the Second Additional Charge.

of these petitions raised any concerns that the appellant was misled by the pretrial agreement or misunderstood the meaning and effect of his agreement. This is not a case in which a misunderstanding of any term in the pretrial agreement resulted in the appellant not receiving the benefit of his bargain and thereby rendering his plea improvident. *See e.g. United States v. Hardcastle,* 53 M.J. 299, 302 (C.A.A.F.2000). Thus, both a plain reading of the pretrial agreement and the conduct of appellant and his counsel indicate the appellant fully understood the meaning and effect of the agreement, and that he knowingly and voluntarily pled guilty to the charges and specifications in dispute. Therefore, his contention that he should be allowed to withdraw his guilty plea is without merit. *See* Rule for Courts–Martial (R.C.M.) 910(h)(3).

■ The appellant further argues that the pretrial agreement should be found void as against public policy given that it required the appellant to at least attempt to pierce the deliberative process of the military judge. He asserts that the terms of the pretrial agreement deprive him of the "right to complete sentencing proceedings" in violation of R.C.M. 705. R.C.M. 705(c)(1) lists certain prohibited terms or conditions within a pretrial agreement. Subsection (B) of the rule provides:

> *Deprivation of certain rights.* A term or condition in a pretrial agreement shall not be enforced if it deprives the accused of: the right to counsel; the right to due process; the right to challenge the jurisdiction of the court-martial; the right to a speedy trial; *the right to complete sentencing proceedings;* the complete and effective exercise of post-trial and appellate rights.

(Emphasis added). The appellant asserts the military judge's decision on sentence was within his discretion, and that how he determined that sentence is confidential. *See* Mil. R. Evid. 509 and 606(b). The appellant states that a provision in a pretrial agreement asking the military judge to reveal the reasons "why and how" he decided a sentence interferes with the procedural rules fundamental to the reliability of the sentencing process. As the parties note, there is no case law interpreting the provision in question. The appellant cites *United States v. Cassity,* 36 M.J. 759 (N.M.C.M.R.1992), wherein the court adopted the principle that terms in a pretrial agreement are contrary to public policy if they "interfere with court-martial fact-finding, sentencing, or review functions or undermine public confidence in the integrity and fairness of the disciplinary process." *Cassity,* 36 M.J. at 762.

In the present case, however, we find nothing in the pretrial agreement that interfered with the sentencing process or which would undermine public confidence in the process. Contrary to the appellant's assertions, the pretrial agreement did not pierce the deliberative process of the military judge by asking him to reveal "why and how" he arrived at a sentence. The pretrial agreement simply required the appellant to ask the military judge to announce two separate sentences, not to divulge his reasoning or judicial methodology. Given the nature of the proceedings, that is, both a rehearing on previous findings as well as sentencing on new charges, merely asking the military judge to announce two separate sentences is not unreasonable nor does it tend to undermine public confidence in the proceedings. This is not a case in which the military judge's freedom of action was infringed. *See e.g. United States v. Holland,* 1 M.J. 58 (C.M.A.1975). We hold that the appellant's pretrial agreement did not deprive him of his right to complete sentencing proceedings and did not violate public policy.

### Unreasonable Multiplication

As noted above, the appellant was originally charged with committing indecent acts on E.V. and T.V. by *touching them with a vibrator on their genitals,* in violation of Article 134, UCMJ. He pled guilty to assault consummated by a battery as a lesser-included offense in violation of Article 128, and those findings were affirmed by this Court. At the rehearing the appellant faced new charges of enticing T.V. and E.V. and taking indecent liberties by photographing them to gratify his sexual desires, all in violation of Article 134, UCMJ.

In this assignment of error the appellant alleges that these new charges, which were tried at his rehearing, represent unreasonable multiplication of charges with his previously affirmed convictions for committing assault and battery on T.V. and E.V.

As both the appellant and the government point out, this case presents an issue of first impression as to whether an appellant may assert unreasonable multiplication of charges in successive prosecutions. The government argues there is no authority for applying the doctrine of unreasonable multiplication of charges to successive trials, and thus submits the question of unreasonable multiplication is not reasonably raised in this case. We disagree. A fundamental concern underlying the doctrine of unreasonable multiplication of charges is the potential for abuse in prosecutorial discretion. *United States v. Quiroz*, 55 M.J. 334, 337–38 (C.A.A.F.2001). The potential for overreaching in the exercise of prosecutorial discretion clearly can occur in successive prosecutions. We decline to accept the government's argument and hold that unreasonable multiplication of charges may be raised in a successive prosecution. For the reasons discussed below, however, we find there was no unreasonable multiplication of charges in the present case.

The Rules for Courts–Martial provide that "what is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." R.C.M. 307(c)(4). To resolve issues of unreasonable multiplication of charges, we apply the five-part test set out by our superior court in *Quiroz*, 55 M.J. at 338. The criteria are: (1) whether the appellant objected at trial to unreasonable multiplication of charges or specifications; (2) whether the charges and specifications are aimed at distinctly separate criminal acts; (3) whether the number of charges and specifications misrepresents or exaggerates the appellant's criminality; (4) whether the number of charges and specifications unreasonably increases the appellant's punitive exposure; and (5) whether there is any evidence of prosecutorial overreaching or abuse in the drafting of the charges.

In applying these factors to the present case, we note the appellant did not object to unreasonable multiplication of charges at trial. While not dispositive, the failure to object tends to weaken the appellant's claim of unreasonable multiplication. The second and third factors also weigh in favor of the government, as the specifications of enticing and taking indecent liberties clearly address distinct criminal behavior from that addressed in the original charges. The appellant stipulated that he persuaded, induced, enticed or coerced both T.V. and E.V. to take off their clothing and pose in a sexual manner so that he could photograph them. These offenses were complete when the appellant enticed the children to remove their clothing and engage in sexually explicit conduct and poses. The fact that the appellant later placed a vibrator, which was operating, on the girl's bodies and genital areas, was separate criminal conduct. Likewise, the acts of taking sexually explicit photographs of the children are separate and distinct offenses from touching them with the vibrator. These charges and specifications do not exaggerate nor misrepresent the appellant's behavior, but instead accurately portray the totality of his crimes.

With regard to the fourth factor we find that the number of charges and specifications did not unreasonably increase the appellant's punitive exposure. Having found that the charges and specifications addressed distinct criminal acts and did not misrepresent the appellant's criminality, we hold that the increase in his punitive exposure is not unreasonable. We are not persuaded by the appellant's argument.

On the fifth factor we find no evidence of prosecutorial overreaching. As noted above, each specification addressed a separate and distinct criminal act and this is not a case of creative drafting in order to fragment charges. The appellant's chief claim is that when the case was returned for a rehearing the prosecution got the opportunity to "perfect its case" against the appellant. The appellant argues, in essence, that because the government did not fully charge the appellant at his first trial they are precluded from

doing so at a later time. The record is unclear as to why the charges and specifications in question were not a part of the first court-martial. The appellant states that "it appears the prosecution was unable to retrieve the pictures from the camera" but he does not concede that the evidence was insufficient to have proceeded with prosecution at the original trial. We note that had the appellant objected to the unreasonable multiplication of charges at the time of his court-martial, the military judge could have fully developed the issue and made findings of fact regarding the prosecutorial decisions. Nevertheless, we will not speculate regarding the motives of the government in this case, but instead will look at the record before us. At the time of his rehearing the appellant was present at Minot AFB and subject to military authority. The government evidently had sufficient evidence at that time to go forward with the charges and specifications in question and they did so. The fact that the appellant was present and available to face those charges only because of a rehearing following his successful appeal in another case does not support a finding of prosecutorial overreaching. Weighing all the factors before us in this case we find no unreasonable multiplication of charges.

*Unreasonable Multiplication—Enticement and Indecent Liberties*

█ The appellant also asserts that the specifications of indecent acts by photographing the children are unreasonably multiplied with respect to the specifications of enticing the children to engage in sexual conduct in order to produce a visual image. We note that at trial the trial defense counsel moved to have the military judge consider these multiplicious for sentencing purposes, but not for findings. The military judge clarified that the motion was for sentencing only, and the defense counsel concurred. The military judge stated that he would consider the specifications of indecent liberties as consumed by the specifications for enticement, and he adjusted the maximum sentence accordingly.

To resolve this issue we apply the *Quiroz* factors outlined above, and determine there was no unreasonable multiplication of charges. The appellant failed to object, each specification addressed a separate and distinct criminal act, the specifications did not misrepresent or exaggerate the appellant's criminality, they did not unreasonably increase his punitive exposure, and there was no evidence of prosecutorial overreaching or abuse.

*Waiver of Forfeitures*

The appellant contends that the convening authority's action did not follow the proper format for waiver of mandatory forfeitures as required by *United States v. Emminizer*, 56 M.J. 441 (C.A.A.F.2002). The government concedes.

The convening authority ordered that mandatory forfeitures under Article 58b, UCMJ, 10 U.S.C. § 858b, be waived for a period of up to six months and paid to the appellant's family, but did not modify the adjudged forfeiture of all pay and allowances. This action does not meet the requirements of *Emminizer*, 56 M.J. at 445, and if left uncorrected, could create a liability for future recoupment action against the appellant or his dependents. *See United States v. LaJaunie*, 60 M.J. 280, 281 (C.A.A.F.2004). We can eliminate that possibility, however, and cure the error at our level by disapproving the adjudged forfeitures. *United States v. Johnson*, 62 M.J. 31, 38 (C.A.A.F.2005). We therefore reassess the sentence as noted below.

*Statute of Limitations*

The Second Additional Charge III was preferred and received by the summary court-martial convening authority on 20 May 2005. The specification of the charge alleged the appellant assaulted JPR, a child under the age of 16, between on or about 25 November 1998 and on or about 9 May 1999. At the time the appellant assaulted JPR the statute of limitations was five years. 10 U.S.C. § 843(b)(1) (2000). A subsequent amendment to the statute in 2003, excepting certain offenses against children from the five-year statute of limitations, does not apply to cases which arose prior to the amendment of the statute. *United States v. Lopez de Victoria*, 66 M.J. 67, 74 (C.A.A.F.2008). The appellant urges this court to set aside his conviction of Second Additional Charge III and its specification and reassess the

sentence, and the government concurs. We agree, and dismiss Second Additional Charge III and its specification.

### Sentence Reassessment

Based upon dismissal of the charge and specification, we next analyze the case to determine whether we can reassess the sentence. *See United States v. Doss,* 57 M.J. 182 (C.A.A.F.2002). Before reassessing a sentence, this Court must be confident "that, absent any error, the sentence adjudged would have been of at least a certain severity." *United States v. Sales,* 22 M.J. 305, 308 (C.M.A.1986). A "dramatic change in the penalty landscape" gravitates away from our ability to reassess a sentence. *United States v. Riley,* 58 M.J. 305, 312 (C.A.A.F.2003). Ultimately, a sentence can be reassessed only if we "confidently can discern the extent of the error's effect on the sentencing authority's decision." *United States v. Reed,* 33 M.J. 98, 99 (C.M.A.1991). In *United States v. Harris,* 53 M.J. 86 (C.A.A.F.2000), our superior court decided that if the appellate court cannot determine that the sentence would have been at least of a certain magnitude, it must order a rehearing. *Id.* at 88 (citing *United States v. Poole,* 26 M.J. 272, 274 (C.M.A.1988)).

By disapproving the assault and battery, the maximum confinement is reduced by just two years; we do not find this to be a dramatic change in the penalty landscape. During the providency inquiry the appellant stated he hit JPR with on open hand "maybe 5 times." In considering the nature of charges and specifications of which the appellant remains convicted, the dismissed charge is unequivocally the most minor for which the appellant was sentenced at trial.

We are confident we can determine the sentence would have been of a certain magnitude. Considering only the evidence before the sentencing authority, we are convinced beyond a reasonable doubt that the military judge would have awarded a dishonorable discharge, confinement for 29 years, total forfeitures, and reduction to E–1. *See United States v. Peoples,* 29 M.J. 426, 428 (C.M.A. 1990).

### Conclusion

Additional Charge III and its specification are set aside. The remaining findings of guilty are determined to be correct in law and fact and are affirmed. The Court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for 20 years and reduction to E–1. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed,* 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the findings, as modified, and sentence, as reassessed, are

AFFIRMED.