# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
PENLAND, HAYES, and MORRIS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant JEFFERY L. BUHL**
**United States Army, Appellant**

ARMY 20220660

Headquarters, 1st Special Forces Command (Airborne)
G. Bret Batdorff and Tyler J. Heimann, Military Judges
Lieutenant Colonel Burt D. Smith, Acting Staff Judge Advocate

For Appellant: Patrick J. McLain, Esquire (on brief and reply brief); Captain Rachel Marie Rose, JA; Patrick J. McLain, Esquire (on brief on specified issue and reply brief on specified issue).

For Appellee: Colonel Christopher B. Burgess, JA; Lieutenant Colonel Jacqueline J. DeGaine, JA; Major Justin L. Talley, JA; Captain Stewart A. Miller, JA (on brief); Colonel Christopher B. Burgess, JA; Lieutenant Colonel Jacqueline J. DeGaine, JA; Major Chase C. Cleveland, JA; Captain Stewart A. Miller, JA (on brief on specified issue).

4 December 2023

------------------------------------
OPINION OF THE COURT
------------------------------------

PENLAND, Senior Judge:

Where the government overreached in its second prosecution – after a general court-martial acquitted appellant of the same act charged under a different article - we grant relief by setting aside the result. Our decision renders appellant's assigned error moot.

Appellant, married at the time, met ███ in Colorado Springs on 31 October 2020. Based on that night's sexual activity, ███ alleged he sexually assaulted her. A general court-martial with enlisted members acquitted appellant of that lone charge and its specification on 1 April 2022.

On 21 June 2022, based on the same sexual activity, appellant's group commander notified him he was considering nonjudicial punishment for one specification of extramarital sexual conduct, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 [UCMJ]. Sometime in August 2022, appellant demanded trial by court-martial. Apparently aware of this demand, appellant's battalion commander preferred another lone charge and specification for that alleged offense on 12 September 2022, and he transmitted the case to the group commander, recommending a "BCD Special Court-Martial." The same day, the group commander also recommended a "BCD Special Court-Martial."[1] On 21 September 2022, the Staff Judge Advocate recommended the convening authority refer the case to a special court-martial with members.

The convening authority referred the case as recommended, and appellant requested trial by military judge alone. The military judge convicted appellant contrary to his plea and sentenced him to a reprimand. We review the case under Article 66(b)(1), UCMJ, which Congress recently amended to expand our jurisdiction.[2]

## LAW AND DISCUSSION

"A Court of Criminal Appeals shall have jurisdiction over a timely appeal from the judgment of a court-martial, entered into the record under section 860c(a) of this title (article 60c(a)), that includes a finding of guilty." Article 66, UCMJ.

"The principle prohibiting unreasonable multiplication of charges is one that is well established in the history of military law." *United States v. Quiroz*, 55 M.J. 334, 336 (C.A.A.F. 2001). "An unnecessary multiplication of forms of charge for the same offense is always to be avoided." *Id.* at 337, (quoting William Winthrop, Military Law and Precedents 143 (2d ed. 1920 Reprint)). All known offenses should ordinarily be handled in a single trial to avoid prosecutorial overreaching. *Id. Citing* Rule for Courts Martial 307(c)(4) [R.C.M.] and 601(e)(2) (Rule and Discussion) *Manual for Courts-Martial, United States* (2000 ed.) [MCM, 2000].

We consider five factors when determining whether an unreasonable multiplication of charges exists: (1) Did appellant object at trial? (2) Is each charge and specification aimed at a distinctly separate criminal act? (3) Does the number of

---

[1] We interpret these as recommendations for referral to a special court-martial under Article 16(c)(1), UCMJ.

[2] Under a recent amendment to Article 66, UCMJ, an appellant may elect, as appellant did here, to have a court-martial resulting in a finding of guilty reviewed by the service courts of criminal appeals. *See* Pub. L. No. 117-263, § 544, 136 Stat. 2582.

charges and specifications misrepresent or exaggerate appellant's criminality? (4) Does the number of charges and specifications unfairly increase the appellant's punitive exposure? and (5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges? *Id.* at 338. *Quiroz* further guides, "if we find the 'piling on' of charges so extreme or unreasonable as to necessitate the invocation of our Article 66(c), UCMJ, authority, we will determine the appropriate remedy on a case-by-case basis." *Id.*

The Rules for Court-Martial contemplate alleged misconduct like appellant's in this case, and their guidance is clear. Regarding disposition of multiple offenses, "charges and specifications alleging all known offenses by an accused may be preferred at the same time....What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." R.C.M. 307(c)(4).[3] Regarding joinder of offenses, "[i]n the discretion of the convening authority, two or more offenses charged against an accused may be referred to the same court-martial for trial, whether serious or minor offenses or both, regardless whether related." R.C.M. 601(e)(2). Regarding severance, "[o]ffenses may be severed, but only to prevent manifest injustice." R.C.M. 906(b)(10)(A). "Ordinarily, all known charges should be tried at a single court-martial. *But see* R.C.M. 902A. Joinder of minor and major offenses, or of unrelated offenses, is not alone a sufficient ground to sever offenses." Discussion, R.C.M. 906(b)(10).

Before analyzing the fundamental legal issue in this case, we must determine whether appellant preserved it for appellate review. *United States v. Bench*, 82 M.J. 388, 392 (C.A.A.F. 2022) (citing *United States v. Jones*, 78 M.J. 37, 44 (C.A.A.F. 2018)). "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). When a known right is intentionally waived, it may not be raised on appeal; forfeited rights, however, are reviewed for plain error. *Id.* (citing *United States v. Harcrow*, 66 M.J. 154, 156 n.1 (C.A.A.F. 2008)). In order to grant relief under a plain error standard of review, we must find: (1) that there was error; (2) the error was clear and obvious; and (3) the error materially prejudiced a substantial right. *United States v. Gomez*, 76 M.J. 76, 79 (C.A.A.F. 2017).

Although R.C.M. 905(e) states that the lack of a motion or objection at trial forfeits the issue, absent waiver, the government on appeal does not assert forfeiture. This is appropriate, for appellant preserved the issue. Without specifying the complaint in the form of a motion or objection, the defense protested at length to the trial judge (and the convening authority) about the government's repeated efforts to punish appellant for the same act.

---

[3] When *Quiroz* was decided, this was part of the MCM's policy discussion.

Civilian Defense Counsel: Will we be back here in 6 months? Will the government decide to refer charges to another court-martial for indecent conduct with another? Come up with a story that somehow [appellant] was engaging in intercourse in [█] bed with [█] at her initiative, while [█] was present, therefore commit[ting] some sort of indecent act with another. We don't know, because frankly, it's out of – of the military judge's control….But I am concerned. I am concerned. I'm concerned about my own integrity, [about] the integrity of the military justice system….

[N]ow I have a bigger fear and when I tell [appellant] and anybody in his shoes, when you go to a court-martial and you get acquitted, that's the end of it. They bring all known charges that they want to bring….and you're done. Though, no matter what my intent was, and certainly my intent was to be truthful with [appellant], I am now a liar, because that's not what happened….

We now turn to the underlying issue. Citing *Quiroz*, we directed the parties to submit briefs on the prospect of "prosecutorial overreach…in light of the policy from the Discussion to RCM 906(b)(10) that all known offenses should be tried together." Among other things, we were giving the government an opportunity to explain the case's trajectory. The government argues appellant's demand for a second court-martial justifies it: "[T]he instant case does not involve a successive prosecution. Here appellant's second trial was a product of his own request and constituted a separate court-martial." (Appellee specified issue brief, page 7).

First, we are left to wonder how the government perceives appellant's second court-martial as anything but successive – it followed the first, and we are certain it would not have occurred but for the preceding acquittal. Second, the government's underlying rationale is unavailing, as it would be if a Soldier demanded court-martial in the face of nonjudicial punishment stemming from an involuntary admission. A demand for trial does not absolve a subsequent proceeding of fundamental infirmity.[4]

---

[4] We note the nonjudicial punishment for extramarital conduct was offered after the acquittal for appellant's sexual assault charge, as it indicates the command did not find that conduct egregious enough to warrant action originally. Not only was this left off the original charge sheet, but the command also did not offer nonjudicial punishment simultaneously as an indication they deemed appellant's actions inappropriate, albeit not serious enough to warrant charging. The delay in action by the command until the more serious offense resulted in an acquittal signals a sort of "buyers' remorse" for their charging decision and an attempt to punish appellant in another way.

4

Aside from the unpersuasive response that appellant got the trial he demanded, the government cites RCM 601(e)(2)'s *joinder* provision as authority to depart from RCM 906(b)(10)'s policy discussion:[5]

> When read in conjunction, these rules together identify it may be a[6] preferred practice for a convening authority to refer all known charges they determine appropriate for a court-martial to a single trial; however, the R.C.M. and caselaw are devoid of any language or precedent to make this a binding requirement on convening authorities. (Appellee's specified issue brief, page 8)

Convening authorities fill crucial quasi-judicial roles, and the MCM's provisions, whether rules or policy discussions, inform the discretion they must exercise in handling a case. We agree with the government to a point – such discretion includes authority to depart from policy. But this leads to our primary holding: such divergence, including a disposition decision, is subject to review for an abuse of discretion; and we give little deference to a convening authority who acts against policy without offering a lawful reason. Simply restating that one may use discretion is not the same as explaining why one used it a certain way.

Severing offenses is reserved to a military judge's discretion under R.C.M. 906(b)(10). The convening authority's action had the same effect, though apparently not mindful of R.C.M. 906(b)(10)(A)'s command, "only to prevent manifest injustice." This leads to our secondary holding: an unreasonable multiplication of charges can involve one or more courts-martial. We adopt our sister court's ruling in *United States v. Raynor*, which states a fundamental concern underlying the doctrine of unreasonable multiplication of charges is the potential for abuse in prosecutorial discretion; 66 M.J. 693, 698 (A.F. Ct. Crim App. 12 June 2008). *Quiroz*, 55 M.J. at 337-338. It would be illogical to prohibit an unreasonable multiplication of charges in one trial only to allow the government to spread the same unreasonably multiplied charges over several trials. It would also cause even greater prejudice to an accused, and our justice system's credibility, by preventing merger of the findings or sentence, an otherwise available and tailored remedy.

---

[5] The government also writes paradoxically of R.C.M. 306:

> R.C.M. 306 provides commanders with significant *autonomy* in determining how to dispose of misconduct *but directs* they should "review and consider" the non-binding disposition factors contained in Appendix 2.1 to assist in their disposition decisions. (Appellee's specified issue brief, page 7)(citation omitted)(emphasis added).

[6] It unequivocally *is the* preferred practice, conveyed by the President's rulemaking authority under Article 36, UCMJ.

*United States v. Forrester*, 76 M.J. 389, 394 (C.A.A.F. 2017). *See also* R.C.M. 906(b)(12).

The factors influencing the convening authority's and prosecutors' discretion remain unknown to us – that is why we specified the issue for briefing. Relying on our common sense and experience as practitioners, we are gravely concerned that this record bears the marks of simple dissatisfaction with the first trial's result, then overreaching by capriciously restyling and re-prosecuting the offense as extramarital conduct, when it was clear the government had the discretion, motivation, and evidence to charge that offense previously. Where the government offers no reason beyond those discussed here for failing to follow the policy of R.C.M. 906(b)(10)(A), we find an abuse of discretion and an unreasonable multiplication of charges.[7][8]

The United States Supreme Court has warned that prosecution of closely related individual offenses at separate trials may constitute impermissible denial of that fundamental fairness required by the due process clause of the Fourteenth Amendment. *Ciucci v. Illinois*, 356 U.S. 571, 575 (1958). The purpose of compulsory joinder statutes is to "prevent the prosecution from substantially proving a crime in a trial in which the crime is not charged, and then in effect retrying the defendant for the same offense in a trial where it is charged." *State v. Todd*, 262 Kan. 916, 919, 941 P.2d 1374, 1376 (1997).

## CONCLUSION

The finding of guilty and the sentence are SET ASIDE. The Charge and its Specification are DISMISSED. All rights, privileges, and property, of which

---

[7] Even if appellant did forfeit this argument by failing to object, we would still find the error to be plain for all of the same reasons. *See Gladue* at 313.

[8] This doctrine is not unique to military justice; several states use a similar constraint. California, for example, has long settled law which states:

> When, as here, the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence.

*Kellett v. Superior Court*, 63 Cal. 2d 822, 827 (Cal. 1966).

appellant has been deprived by virtue of the findings and sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Judge HAYES and Judge MORRIS concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court