IN THE CASE OF


UNITED STATES, Appellee

v.

Robert W. EMMINIZER, Specialist
U.S. Army, Appellant

No. 01-0712

Crim. App. No. 20000201

United States Court of Appeals for the Armed Forces

Argued March 20, 2002

Decided May 10, 2002

EFFRON, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., GIERKE and BAKER, JJ., and SULLIVAN, S.J.,
joined.


Counsel


For Appellant:  Captain Terri J. Erisman (argued); Colonel Adele H. Odegard,
    Lieutenant Colonel E. Allen Chandler, and Major Imogene M. Jamison (on
    brief).



For Appellee:  Captain Tami L. Dillahunt (argued); Colonel Steven T. Salata,
    Major Margaret B. Baines, and Major Paul T. Cygnarowicz (on brief).



Military Judge:  James J. Smith



THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of a military judge sitting alone convicted appellant, pursuant to his pleas, of larceny by false pretenses (four specifications) and making a false claim (three specifications), in violation of Articles 121 and 132, Uniform Code of Military Justice (UCMJ), 10 USC §§ 921 and 932, respectively. He was sentenced to a bad-conduct discharge, confinement for eighteen months, forfeiture of all pay and allowances, and reduction to the grade of Private E-1. The convening authority approved these results, and the Court of Criminal Appeals affirmed in an unpublished opinion.

On appellant's petition, we granted review of the following issue:

> WHETHER THE STAFF JUDGE ADVOCATE'S ADDENDUM AND THE CONVENING AUTHORITY'S ACTION ERRONEOUSLY INTERPRETED AND APPLIED ARTICLES 57(a) AND 58b, UCMJ, AND, IF SO, WHETHER APPELLANT WAS PREJUDICED. Compare United States v. Kolodjay, 53 MJ 732 (Army Ct.Crim.App. 1999), with United States v. Owens, 50 MJ 629 (AF Ct.Crim.App. 1998).

For the reasons discussed below, we return the case for a new convening authority's action.

I. BACKGROUND - FORFEITURE OF PAY AND ALLOWANCES

There are two distinct types of forfeiture of pay and allowances at issue in this case. The first category -- adjudged forfeitures -- involves forfeitures that may be included in a sentence adjudged at a court-martial. See RCM 1003(b)(2), Manual for Courts-Martial, United States (2000 ed.). Forfeitures in the second category -- mandatory forfeitures -- are not part of the court-martial sentence, but apply as a collateral consequence of specified sentences during designated periods of confinement or parole. See Art. 58b(a), UCMJ, 10 USC § 858b(a). The following summarizes applicable considerations with respect to both types of forfeitures.

A. Forfeitures Adjudged by a Court-Martial

*1. Forfeitures that may be adjudged as part of a court-martial sentence*

The sentence adjudged by a court-martial may include reprimand, forfeiture of pay and allowances, a fine, reduction in pay grade, restriction to specified limits, hard labor without confinement, confinement, punitive separation, and death. RCM 1003(b), supra. The maximum punishment at trial is subject to the limits set in the punitive articles of the UCMJ for particular offenses, as well as limits imposed by the President for each offense under Article 56, UCMJ, 10 USC § 856.

The President's limitations are set forth in Part IV of the Manual, supra, and are summarized in Appendix 12 of the Manual.

With respect to forfeitures, the Manual establishes a specific maximum for each offense. Compare, e.g., para. 10(e)(1), Part IV, Manual, supra (authorizing forfeitures up to two-thirds' basic pay for one month for the offense of failure to go to an appointed place of duty), with para. 10(e)(2)(d) (total forfeiture of pay and allowances for the offense of unauthorized absence in excess of thirty days terminated by an apprehension); see also United States v. Warner, 25 MJ 64 (CMA 1987) (linking total forfeiture to periods of adjudged confinement). In addition, special courts-martial, which may adjudge forfeiture of basic pay, may not adjudge forfeiture of allowances, and may not adjudge forfeiture of basic pay in excess of two-thirds' basic pay per month for one year. Art. 19, UCMJ, 10 USC § 819.

*2. The effective date of forfeitures adjudged at trial*

As originally enacted, the UCMJ provided in Article 57 that forfeitures could not extend to pay or allowances accrued before the date on which the sentence was approved by the convening authority. Act of May 5, 1950, ch. 169, 64 Stat. 107, 126. As a result, a person whose sentence included forfeitures could continue to draw full pay and allowances for many weeks or

4

months after the sentence was adjudged, pending action on the findings and sentence by the convening authority.

The delay in the effective date of forfeitures pending convening authority action remained in effect until 1996, when Congress substantially revised Article 57. National Defense Authorization Act for Fiscal Year 1996, Pub. L. No. 104-106, § 1121, 110 Stat. 186, 462. As amended, Article 57 provides that forfeitures take effect on the earlier of: (1) fourteen days after the date on which the sentence was adjudged at trial; or (2) the date on which the sentence was approved by the convening authority.

*3. The convening authority's action on forfeitures adjudged at trial*

Article 57, as amended, enables the convening authority, upon application by the accused, to defer forfeitures prior to taking formal action on the sentence under Article 60, UCMJ, 10 USC § 860. When taking formal action on the sentence, the convening authority has broad discretion to "approve, disapprove, commute, or suspend the sentence in whole or in part." Art. 60(c)(2). With respect to forfeitures, this provision empowers the convening authority to approve, disapprove, or modify forfeiture of pay and allowances. In addition, it permits the convening authority to suspend any

5

forfeitures included in the sentence approved by the convening authority.

   B. Mandatory Forfeitures Applicable to Persons in Confinement

*1. Legislative background*

   The UCMJ, as enacted, followed prior military practice under which servicemembers sentenced to confinement continued to draw pay and allowances while in prison, except to the extent that adjudged forfeitures were included in the approved sentence.  This practice continued for more than four decades until sharply restricted in the National Defense Authorization Act for Fiscal Year 1996, supra at § 1122 (art. 58b, UCMJ, 10 USC § 858b).

   The legislative history of the restriction in Article 58b reflects congressional concern "that some military service members continue[d] to receive active duty pay and allowances while serving extended prison sentences."  H.R. Rep. No. 104-131, at 218 (1995).  At the same time, in recognition of the hardship that mandatory forfeitures might work on dependents, Congress included discretionary authority "to provide transitional compensation for the dependents of the accused." H.R. Conf. Rep. No. 104-450, at 853 (1996).

*2. Circumstances triggering mandatory forfeitures*

Mandatory forfeitures apply only under the following circumstances.  First, mandatory forfeitures apply only if the court-martial sentence falls within one of the following qualifying categories: (1) confinement for more than six months; (2) confinement for six months or less, but only if the sentence also includes a punitive discharge; and (3) death.  Art. 58b(a)(2).  Second, mandatory forfeitures apply only during periods in which a servicemember is in confinement or on parole as a result of the applicable court-martial sentence.  Art. 58b(a)(1).  Third, mandatory forfeitures apply only when pay and allowances are "due that member."  See Part I.B.3, infra.  Mandatory forfeitures take effect on the earlier of: (1) fourteen days after the date on which the sentence is adjudged; or (2) the date on which the sentence is approved by the convening authority.  See Art. 58b(a)(1) and Art. 57(a)(1), UCMJ, 10 USC § 857(a)(1).

Because mandatory forfeitures are keyed to specific types of sentences set forth in the statute, there is provision for repayment if appellate review results in a change in the sentence.  If the sentence is subsequently set aside or disapproved, or if it is modified so that it no longer provides for a qualifying punishment under Article 58b(a)(2), any amounts

taken for purposes of mandatory forfeitures are returned to the member.  Art. 58b(c).

*3. Scope of mandatory forfeitures*

In the case of confinement or parole resulting from a qualifying special court-martial sentence, mandatory forfeitures apply only to any basic pay due during the period of confinement or parole.  Art. 58b(a)(1).  In the case of a qualifying general court-martial sentence, mandatory forfeitures apply to all pay and allowances "due that member during" the period of confinement or parole.  Id.

*4. Action on mandatory forfeitures by the convening authority*

In contrast to the power that a convening authority may exercise with respect to forfeitures adjudged as part of a court-martial sentence, the convening authority is not empowered to disapprove, modify, or suspend mandatory forfeitures required by Article 58b during periods of confinement or parole.  The convening authority has two limited powers with respect to mandatory forfeitures.  First, upon application of the accused, the convening authority may defer a mandatory forfeiture until the date on which the convening authority approves the sentence under Article 60, and may rescind such deferment at any time.  Art. 58b(a)(1); see Art. 57(a)(2).  Second, if the accused has dependents, the convening authority has discretion to provide transitional compensation to such dependents for a limited

period of time.  In such a case, the convening authority may
waive all or part of any mandatory forfeitures required by
Article 58b(a) for a period not to exceed six months, and the
mandatory forfeitures subject to such a waiver are paid directly
to dependents of the accused.  Art. 58b(b).


## II.  APPELLANT'S REQUEST OF THE CONVENING AUTHORITY

As noted at the outset, appellant's sentence included a
bad-conduct discharge, confinement for eighteen months,
forfeiture of all pay and allowances, and reduction to the
lowest enlisted grade.  Pursuant to RCM 1105, appellant's
defense counsel submitted a post-trial "petition for clemency,"
which included a request that the convening authority "consider
utilizing Article [58b] of the UCMJ to waive the forfeitures of
SPC Emminizer's pay and allowances and direct that money to be
provided directly to SPC Emminizer's young son."[*]

With respect to appellant's request, the staff judge
advocate (SJA) advised the convening authority:  "In order to
grant the requested relief on forfeitures, you would have to
disapprove the adjudged forfeitures and then grant the accused's

---

[*] In an apparent typographical error, defense counsel cited Article 58(b),
which addresses execution of confinement, rather than Article 58b, which
addresses forfeitures.  It is clear from the record and proceedings on appeal
that all parties involved in the post-trial review and appellate proceedings
have understood that appellant was asking the convening authority to waive
forfeitures under Article 58b.

United States v. Emminizer, No. 01-0712/AR

request for waiver of automatic forfeitures pursuant to Article 58b(b), UCMJ, for a period of up to six months."  The SJA recommended that the convening authority deny the request for waiver of forfeitures, and the convening authority followed that recommendation.

### III.  DISCUSSION

In the present appeal, appellant asserts that the SJA erred by advising the convening authority that he could not exercise waiver authority under Article 58b(b) without first disapproving the forfeitures that had been adjudged as part of the court-martial sentence.  Appellant relies on United States v. Owen, 50 MJ 629 (AF Ct. Crim. App. 1998), in which the Air Force Court of Criminal Appeals held that mandatory forfeitures are triggered -- and may be waived -- under Article 58b regardless of whether the sentence includes adjudged forfeitures.  Id. at 631-32.  The parties note that a different view was expressed in United States v. Kolodjay, 53 MJ 732, 736 (Army Ct. Crim. App. 1999), in which the Army Court of Criminal Appeals concluded that "if adjudged forfeitures are not deferred prior to [the convening authority's] action, and are approved without suspension at the time of the Article 60, UCMJ, action, then Article 58b waiver is unavailable because the adjudged forfeitures will be executed, and there will be no automatic forfeitures to waive."

10

Although the position of the Air Force court reflects a thoughtful attempt to facilitate the provision of transitional compensation to dependents, Congress chose a different approach. The purpose of the statute, as set forth in its plain language and legislative history, is to restrict payments to servicemembers who are in confinement or on parole under a qualifying sentence. See Part I.B.1, supra. The discretionary authority under Article 58b(b) to ameliorate mandatory forfeitures for a brief period of time applies only when the statute triggers mandatory forfeitures. This provision does not constitute general authority to provide transitional compensation to dependents of convicted servicemembers, and it does not provide authority to waive adjudged forfeitures. Compare 10 USC § 1059 (transitional compensation for victims of dependent-abuse offenses).

Mandatory forfeitures are triggered only when three separate conditions occur at the same time: (1) the sentence falls within the qualifying sentences described in Article 58b(a)(2); (2) the member is in confinement or on parole; and (3) the member is otherwise entitled to pay and allowances that are subject to mandatory forfeiture. See Part I.B.2, supra. When a servicemember is not entitled to compensation covered by the mandatory forfeiture provisions of Article 58b, there is nothing to waive. For example, if a servicemember's term of

11

enlistment has expired, the waiver authority cannot be used to provide compensation to dependents.  Likewise, when total forfeitures become effective under Article 57(a) as a result of a qualifying general court-martial sentence, or when two-thirds' forfeitures become effective as a result of qualifying special court-martial sentence, there are no mandatory forfeitures that can be waived.  Similarly, if partial forfeitures take effect under Article 57(a), the waiver authority applies only to any mandatory forfeitures required under Article 58b.

Traditionally, convening authorities have exercised broad discretion under Article 60 to ameliorate forfeitures as a means of addressing the needs of a servicemember's family.  When a qualifying sentence under Article 58b(a)(2) has been adjudged, the convening authority may provide transitional compensation to dependents through the waiver authority under Article 58b(b) only to the extent that pay and allowances are due and subject to mandatory forfeiture.  The convening authority, prior to action under Article 60, may affect the amount of compensation subject to mandatory forfeiture by deferring adjudged forfeitures in whole or in part.  To the extent that adjudged forfeitures are deferred, there is a corresponding increase in compensation subject to mandatory forfeitures -- and available to be waived on behalf of a servicemember's dependents for up to six months under Article 58b(b).  Likewise, when acting on the

sentence under Article 60, the convening authority may reduce or suspend adjudged forfeitures, thereby increasing the compensation that is subject to mandatory forfeitures, which in turn may be waived for up to six months for the servicemember's dependents under Article 58b(b).

The interaction between adjudged and mandatory forfeitures involves technical and complicated relationships between statutory provisions, made all the more difficult by the tension between the convening authority's broad discretion over the adjudged forfeitures and restricted discretion over mandatory forfeitures. The Executive Branch should consider the desirability of providing the services with uniform guidance, either in the Manual or through appropriate regulations, that would address differing scenarios. For purposes of the issue before us, however, we simply note that under Article 58b(b), convening authorities have the power to provide up to six months' transitional compensation for dependents when mandatory forfeitures are required, and that they may use their powers to defer, reduce, or suspend adjudged forfeitures in order to establish the basis for mandatory forfeitures.

In the present case, the SJA was correct insofar as he advised the convening authority that if the convening authority disapproved the adjudged forfeitures, he could then waive the resultant mandatory forfeitures. The SJA's advice, however, was

incomplete in two important respects.  First, he also should have stated that if the convening authority modified or suspended the adjudged forfeitures, he could then waive the resultant mandatory forfeitures.  Second, in light of appellant's eighteen-month sentence, the SJA's advice reasonably could have been construed by the convening authority to mean that it was necessary to disapprove the forfeitures for the entire eighteen-month period in order to grant appellant's waiver request.  The SJA should have advised the convening authority that compensation for dependents under the waiver authority may be paid only for a transitional six-month period, and that the convening authority could grant appellant's request by suspending adjudged forfeitures for six months, and then waiving the resulting mandatory forfeitures for the six-month period.

In light of the incomplete advice, the convening authority may have denied the request on the grounds that he did not want to disapprove appellant's entire forfeitures for the full eighteen-month period.  There is a reasonable possibility that he might have acted otherwise had he been informed that he had the options of suspending adjudged forfeitures for only six months or modifying the adjudged forfeitures in order to waive the resultant mandatory forfeitures for the benefit of

appellant's dependents.  In view of this error, we remand the
case for a new recommendation and convening authority's action.


IV.  DECISION

The decision of the United States Army Court of Criminal
Appeals is set aside, as is the convening authority's action.
The record of trial is returned to the Judge Advocate General of
the Army for a remand for a new recommendation and convening
authority action.