UNITED STATES

v.

**Airman First Class Rodriguez L. MEDINA[1], United States Air Force.**

**ACM 34783.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 27 Sept. 2001.

11 Sept. 2003.

Appellate Counsel for Appellant: Colonel Beverly B. Knott, Major Jeffrey A. Vires, Major Teresa L. Davis, and Captain Antony B. Kolenc.

Appellate Counsel for the United States: Colonel LeEllen Coacher, Lieutenant Colonel Lance B. Sigmon, and Captain Peter J. Camp.

Before VAN ORSDOL, STONE, and ORR, Appellate Military Judges.

## OPINION OF THE COURT

STONE, Judge:

The appellant, in accordance with his pleas, was convicted of two specifications of wrongful use of a controlled substance, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a, and three specifications of absence without authority from his duty location, in violation of Article 86, UCMJ, 10 U.S.C. § 886. The military judge, sitting alone, sentenced him to a bad-conduct discharge, confinement for 18 months, forfeiture of all pay

---

1. Various documents in the record of trial indicate the appellant is also known as Luis R. Medina–Rodriguez, Luis R. Medina Rodriguez, Luis R. Medina, Luis Renee Rodriguez Medina, and Rodriguez Luis R. Medina. The charge sheet—in the personal data section as well as all of the specifications—refers to the appellant as Rodriguez L. Medina, the same name found on the action, personal data sheet, staff judge advocate review, report of result of trial, and the pretrial agreement. The appellant did not raise this as an error at trial or now on appeal, and we conclude it is not plain error. We address it here for clarification purposes.

and allowances, and reduction to the grade of E1. Pursuant to a pretrial agreement, the convening authority approved the adjudged sentence to the extent it provided for a bad-conduct discharge, confinement for 13 months, forfeiture of all pay and allowances, and reduction to E–1. Without first disapproving, modifying, or suspending the adjudged forfeitures, the convening authority waived mandatory forfeitures for the benefit of the appellant's wife pursuant to Article 58b, UCMJ, 10 U.S.C. § 858b.

■ First, the appellant asks this Court to disapprove his adjudged forfeitures as a prophylactic remedy in the event he or his wife is asked to repay the waived forfeitures. The genesis for this request is our superior court's decision in *United States v. Emminizer*, 56 M.J. 441 (2002), a case decided subsequent to the appellant's court-martial. After *Emminizer*, a convening authority must first disapprove, modify, or suspend adjudged forfeitures before waiving mandatory forfeitures under Article 58b, UCMJ. *Id.* at 444–45. The appellant argues that because the convening authority did not do so in his case, he or his wife may be required to repay the waived forfeitures at some point in the future.

■ In *Emminizer*, the staff judge advocate's advice was written in a manner that suggested the convening authority could not waive Article 58b, UCMJ, mandatory forfeitures for a 6–month period without first disapproving the adjudged forfeitures for an 18–month period. *Id.* at 444. The convening authority then denied the appellant's request to waive the mandatory forfeitures. *Id.* Our superior court remanded for a new action, reasoning that the convening authority relied on incomplete advice when he rejected the appellant's request. *Id.* at 445. The court found a "reasonable possibility that [the convening authority] might have acted otherwise had he been informed that he had the options of suspending adjudged forfeitures for only six months or modifying the adjudged forfei-

tures in order to waive the resultant mandatory forfeitures for the benefit of appellant's dependents." *Id.*

In the present case, there is no ambiguity in the convening authority's action as far as what he intended to accomplish. The convening authority granted the appellant's only post-trial request. The convening authority's action,[2] in pertinent part, stated: "Pursuant to Article 58b, Uniform Code of Military Justice, Section (b), $1042.00 pay per month of the required forfeiture of total pay and allowances is waived for a period of 6 months or release from confinement whichever is sooner...." There is no need for this Court to disapprove the appellant's adjudged forfeitures where the convening authority clearly intended to waive the mandatory forfeitures, the action carried out such waiver in a manner compliant with the understanding of Article 58b, UCMJ, at the time, and the appellant's wife received the pay at issue. *Cf. United States v. Loft*, 10 M.J. 266, 268 (C.M.A.1981) (holding that where the convening authority's action is subject to only one interpretation, a supervisory authority is not required to return the record of court-martial to the convening authority for clarification). We find that the convening authority intended to approve the waiver of forfeitures and that his action was effective to do so, even if it did not technically comply with *Emminizer*.

Additionally, the appellant has made no claim that he repaid any of the waived forfeitures. For that matter, he has not even suggested he has received notice of a collection effort requiring him or his wife to return monies to the federal government. Consequently, we see no need for this Court to order remedial action when the appellant has suffered no prejudice. Article 59(a), UCMJ, 10 U.S.C. § 859(a).

■ Next, the appellant claims his sentence was inappropriately severe and asks that we disapprove his bad conduct discharge. In support of his claim, the appel-

**2.** Article 58b, UCMJ, forfeitures are often referred to by different terminology. The convening authority's action referred to Article 58b, UCMJ, forfeitures as "required" forfeitures. It is also common to see Article 58b, UCMJ, forfei-

tures referred to as "automatic" forfeitures. We have followed our superior court's terminology in *Emminizer* and refer to Article 58b, UCMJ, forfeitures as "mandatory" forfeitures.

lant argues his sentence failed to take certain factors into account, namely his claims that he attempted to rehabilitate himself and that his supervisors failed to take steps to prevent his alcohol-induced misconduct. Article 66(c), UCMJ, 10 U.S.C. § 866(c), UCMJ, requires that we affirm only so much of the sentence as we find "should be approved." In determining sentence appropriateness, we must exercise our judicial powers to assure that justice is done and that the accused receives the punishment he or she deserves. Performing this function does not authorize this Court to exercise clemency. *United States v. Healy,* 26 M.J. 394, 395–96 (C.M.A. 1988). The primary manner in which we discharge this responsibility is to give individualized consideration to an appellant, including the nature and seriousness of the offenses and the character of the appellant's service. *United States v. Snelling,* 14 M.J. 267, 268 (C.M.A.1982). Applying this standard, we find that the appellant's sentence is not inappropriately severe.

The approved findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ; *United States v. Reed,* 54 M.J. 37, 41 (2000). Accordingly, the approved findings and sentence are

AFFIRMED.