# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 KEVIN M. PEARCE**
**United States Army, Appellant**

ARMY 20110107

Headquarters, United States Army Accessions Command and Fort Knox (trial)
Headquarters, United States Army Cadet Command and Fort Knox (new action)
Timothy Grammel, Military Judge
Colonel Robert J. Cotell, Staff Judge Advocate (trial and new recommendation)
Lieutenant Colonel Christopher B. Burgess, Acting Staff Judge Advocate (new addendum)

For Appellant:  Major Richard E. Gorini, JA; Captain Robert N. Michaels, JA (on brief).

For Appellee:  Major Robert A. Rodrigues, JA; Captain Daniel H. Karna, JA (on brief).

15 March 2013

----------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
----------------------------------------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of three specifications of absence without leave in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for eleven months, and forfeiture of $978.00 pay per month for eleven months.  The convening authority (CA) approved eight months of confinement, sixty-two days of confinement credit, and the remainder of the adjudged sentence.  In addition, the CA approved appellant's request to defer adjudged and automatic forfeitures and, at action, waived automatic forfeitures for a period of six months, directing those funds be paid to appellant's spouse.  This case was then sent to this court for review pursuant to Article 66, UCMJ.

PEARCE—ARMY 20110107

On 16 May 2012, we issued an opinion agreeing with appellant's sole assignment of error.[1]  We found a document included in appellant's Rule for Courts-Martial [hereinafter R.C.M.] 1105 submission was not submitted to the CA prior to his taking action in appellant's case as required by R.C.M. 1107(b)(3)(iii) and *United States v. Wheelus*, 49 M.J. 283, 287 (C.A.A.F. 1998).  Accordingly, we returned the case to the CA for a new post-trial recommendation (SJAR) and action. *United States v. Pearce*, ARMY 20110107, 2012 WL 1899332 (Army Ct. Crim. App. 16 May 2012) (sum.disp.).  In addition, our opinion noted the CA had waived automatic forfeitures in his action, but, in this same action, approved adjudged forfeitures.  We further noted the effect of these contrary actions was to prevent appellant's spouse from receiving funds. *See United States v. Emminizer*, 56 M.J. 441 (C.A.A.F. 2002).  Because the case was being sent back for a new recommendation and action, we did not take action to correct this obvious ambiguity. *Pearce*, 2012 WL 1899332, at *1.

A new SJAR and action has now been completed.  The original assignment of error has been addressed and is no longer an issue.   However, in approving appellant's sentence to a bad-conduct discharge, confinement for eight months, and forfeiture of $978.00 pay per month for eleven months,[2] the convening authority still has not corrected the issue involving appellant's adjudged and automatic forfeitures.[3]  Appellant now raises this issue as an assignment of error and asks this court to disapprove the adjudged forfeitures.  The government concedes the issue and also asks this court to disapprove the adjudged forfeitures.  We will take appropriate action in our decretal paragraph to remedy this issue.

**CONCLUSION**

On consideration of the entire record, and the matters personally raised by the appellant pursuant to *Grostefon*, we hold the findings of guilty correct in law and fact and are AFFIRMED.  In the interests of judicial economy, we affirm only so much of the sentence that includes a bad-conduct discharge and confinement for

---

[1] Those matters personally raised by appellant, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), were found to be without merit.

[2] The CA also credited appellant with sixty-two days of confinement against the sentence to confinement.

[3] In the new action, the CA states "[t]he automatic forfeiture of two-thirds pay required by Article 58b, UCMJ, was waived on 16 June 2011.  Any additional waiver is disapproved."  We interpret this sentence to mean the CA has approved the six-month waiver of automatic forfeitures, effective on 16 June 2011, as previously granted by the prior CA.  We, therefore, are still faced with the scenario wherein the CA has attempted to waive automatic forfeitures, but negates this attempt by approving adjudged forfeitures.

eight months. All rights, privileges, and property, of which appellant was deprived by virtue of that portion of his sentence being set aside by this decision, are hereby ordered restored. *See* UCMJ arts. 58(b) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court