# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Technical Sergeant JAIME R. RODRIGUEZ
### United States Air Force

## ACM 38519

## 14 April 2015

Sentence adjudged 14 June 2013 by GCM convened at Joint Base San Antonio-Lackland, Texas. Military Judge: Donald R. Eller, Jr.

Approved Sentence: Dishonorable discharge, confinement for 27 years, and reduction to E-1.

Appellate Counsel for the Appellant: Major Christopher D. James and Michael C. Gross, Esquire.

Appellate Counsel for the United States: Major Daniel J. Breen; Captain Richard J. Schrider; and Gerald R. Bruce, Esquire.

Before

MITCHELL, WEBER, and CONTOVEROS
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

WEBER, Judge:

The appellant pled guilty at a general court-martial to the following offenses:

(1) Fourteen specifications of violating a lawful general regulation by wrongfully attempting to develop and maintain personal and intimate relationships with various Air Force applicants, recruits, and recruiter's assistants;

(2) One specification of violating a lawful general regulation by wrongfully attempting to develop and maintain a personal and intimate relationship with an Air Force applicant, and by using his grade or position, threats, pressure, or promise of return of favors or favorable treatment in an attempt to gain sexual favors from the applicant;

(3) One specification of violating a lawful order by wrongfully sending an Air Force applicant an e-mail from his personal e-mail account;

(4) One specification of making a false official statement;

(5) One specification of sodomy;

(6) Two specifications of obstructing justice by wrongfully endeavoring to impede an investigation; and

(7) Two specifications of adultery.

The appellant pled not guilty to several remaining charges and specifications. A panel of officer members convicted him, contrary to his pleas, of the following offenses:

(1) One specification of aggravated sexual assault by causing bodily harm;[1]

(2) One specification of abusive sexual contact by causing bodily harm;[2]

(3) One specification of sodomy;[3]

(4) One specification of aggravated sexual contact by using strength;

(5) One specification of wrongful sexual contact; and

(6) One specification of indecent exposure.

The members acquitted the appellant of one remaining charge and specification alleging assault consummated by a battery. The members sentenced the appellant to a dishonorable discharge, confinement for 27 years, forfeiture of all pay and allowances, and reduction to E-1. The convening authority disapproved the adjudged forfeitures but otherwise approved the sentence as adjudged.

Before this court, the appellant raises 15 assignments of error covering several rulings by the military judge, the sufficiency of the evidence concerning his conviction of certain offenses, the providence of his guilty plea to violating a lawful general regulation,

---

[1] The members acquitted the appellant of the charged greater offense of rape by using strength and power.
[2] The members acquitted the appellant of the charged greater offense of aggravated sexual contact by using strength, power, and restraint.
[3] The members acquitted the appellant of the charged greater offense of forcible sodomy.

the performance of his trial defense counsel, the post-trial processing of his case, and the actions of one member of the court-martial. One of these issues alleges the staff judge advocate's recommendation (SJAR) was erroneous in three respects. We address only the issue concerning the SJAR, and order new post-trial processing.

*Background*

The appellant was an Air Force recruiter who was convicted of various types of improper conduct toward Air Force applicants, recruits, and recruiter's assistants. When he came under investigation, he lied about his activities and took actions to impede the investigation.

The appellant pled guilty to several of the charges and specifications. The maximum imposable punishment for the offenses of which he pled guilty included confinement for 54 years and 6 months. Following the appellant's conviction on a number of charges and specifications to which he pled not guilty, his maximum sentence to confinement increased to 115 years and 6 months. However, the staff judge advocate's post-trial recommendation to the convening authority erroneously stated that the maximum imposable sentence to confinement was 54 years and 6 months, the maximum punishment for only his pleas of guilty.

No pretrial agreement existed in the appellant's case. However, the SJAR ambiguously stated, "There was not a pretrial agreement in this case. No further action is required on your part regarding the pretrial agreement." In addition, despite the fact that the appellant pled not guilty to a number of charges and specifications and although no stipulation of fact existed, the SJAR stated, "The primary evidence against the accused consisted of a guilty plea and stipulation of fact." The SJAR also advised the convening authority that the appellant's character of service before the charges was poor. Trial defense counsel objected to this service characterization in his clemency submission, and the SJAR addendum accordingly noted that the appellant's character of service should have been characterized as adequate instead of poor.

*SJAR Errors*

We normally review the correctness of post-trial processing de novo. *United States v. Parker*, 73 M.J. 914, 920 (A.F. Ct. Crim. App. 2014). However, failure to timely comment on matters in an SJAR forfeits any later claim of error in the absence of plain error. *Id.*; Rule for Courts-Martial 1106(f)(6); *United States v. Scalo*; 60 M.J. 435, 436 (C.A.A.F. 2005). "To prevail under a plain error analysis, [the appellant bears the burden of showing] that: '(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Scalo*, 60 M.J. at 436 (quoting *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)).

If error in the SJAR occurs, such error "does not result in an automatic return by the appellate court of the case to the convening authority. Instead, an appellate court may determine if the accused has been prejudiced by testing whether the alleged error has any merit and would have led to a favorable recommendation by the SJA or corrective action by the convening authority." *United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996). In determining whether the error might have affected the convening authority's action, the threshold for establishing prejudice is low because the convening authority possesses significant power to grant clemency. *United States v. Parsons*, 61 M.J. 550, 551 (A.F. Ct. Crim. App. 2005). In making this determination, we recognize the convening authority is an appellant's "best hope for sentence relief." *United States v. Lee*, 50 M.J. 296, 297 (C.A.A.F. 1999) (quoting *United States v. Bono*, 26 M.J. 240, 243 n.3 (C.M.A. 1988)) (internal quotation marks omitted). "Because of the highly discretionary nature of the convening authority's action on the sentence, we will grant relief if an appellant presents 'some colorable showing of possible prejudice.'" *Kho*, 54 M.J. at 65 (quoting *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)). "Because the threshold for showing prejudice is so low, it is the rare case where substantial errors in the SJAR, or post-trial process in general, do not require return of the case for further processing." *Parker*, 73 M.J. at 921 (quoting *United States v. Lavoie*, ACM S31453, unpub. op. at 4 (A.F. Ct. Crim. App. 21 January 2009)) (internal quotation marks omitted).

The service characterization error in the initial recommendation provides the appellant no basis for relief, as the error was corrected when raised by trial defense counsel. In addition, we find that standing alone, neither the ambiguity in the SJAR regarding a pretrial agreement nor the statement concerning the primary evidence against the appellant provides grounds for relief. Viewed in its entirety, the SJAR and its attachments sufficiently advised the convening authority that no pretrial agreement existed and that the appellant did not plead guilty to all charges and specifications.

The plain and obvious error concerning the maximum punishment causes us greater concern. The SJAR is the mechanism to advise the convening authority of the maximum punishment an accused faced, thereby informing the convening authority how the adjudged sentence compared to what might have been adjudged. Accurate advice in this regard is a particularly important component of the SJAR. "Complete and accurate advice in each case provides a convening authority with the guidance necessary to carry out the responsibilities Article 60(d), UCMJ, imposes. The recommendation is much more than a ministerial action or mechanical recitation of facts concerning the trial." *United States v. Cunningham*, 44 M.J. 758, 763 (N.M. Ct. Crim. App. 1996).

In the instant case, the Government argues that the appellant actually benefitted from the staff judge advocate's error because the recommendation "unintentionally minimized the true extent of [the appellant's] crime spree." We are unwilling to subscribe to the Government's contention that staff judge advocates may err with impunity in stating the maximum punishment so long as they do so in one direction.

Rather, a reasonable argument may be made that the staff judge advocate's error harmed the appellant's chances for clemency by implying that the members believed that a particularly harsh sentence closer to the maximum was warranted. In addition, the staff judge advocate's error was particularly significant in that he misstated the maximum punishment by a wide margin, representing that it was less than half of what it actually was. Under the circumstances, recognizing that the standard for establishing prejudice is low, we find the appellant has met his burden of establishing a colorable showing of possible prejudice.[4]

The fact that the SJAR contained other evidence of a lack of attention to detail supports our decision to return this case for new post-trial processing. As we recently reminded staff judge advocates, "[i]f a military member's offenses are deemed serious enough to warrant court-martial, they are serious enough to demand the time needed to carefully and correctly shepherd each aspect of the case to conclusion." *Parker*, 73 M.J. at 922. The appellant's case was a particularly serious, high-visibility matter. It is not unreasonable to expect that careful attention will be provided in the post-trial processing of such a case. We therefore deem it appropriate to afford the servicing legal office another opportunity to correctly process this case. A new, correct SJAR will be issued, and the appellant will be afforded the opportunity to respond. *See United States v. Mendoza*, 67 M.J. 53, 54 (C.A.A.F. 2008) (noting that when a court of criminal appeals sets aside the convening authority's action, a new SJAR and opportunity to respond are required).

*Conclusion*

The record of trial is returned to The Judge Advocate General for remand to the convening authority for new post-trial processing consistent with this opinion. Article 66(e), UCMJ, 10 U.S.C. § 866(e). Thereafter, Article 66(b), UCMJ, 10 U.S.C. § 866(b), will apply.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

[4] In finding a colorable showing of possible prejudice, we recognize that the convening authority actually did grant some clemency by disapproving the adjudged forfeitures. However, it appears the convening authority did so in order to waive mandatory forfeitures for the benefit of the appellant's dependents. Article 58b(b), UCMJ, 10 U.S.C. § 858b(b); *United States v. Emminizer*, 56 M.J. 441 (C.A.A.F. 2002). Under these circumstances, we do not find that the convening authority's act of clemency precludes the possibility that further clemency might have been granted had the staff judge advocate provided accurate advice.