# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HERRING, CAMPANELLA, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant ROBERT S. CHIARAVALLOTTI**
**United States Army, Appellant**

ARMY 20130166

Headquarters, I Corps and Joint Base Lewis-McChord
Stefan R. Wolfe, Military Judge
Colonel William R. Martin, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Brian J. Sullivan (on brief); Captain Brian J. Sullivan, JA; Mr. C. Ed Massey, Esquire (on supplemental brief); Captain J. David Hammond, JA; Mr. C. Ed Massey, Esquire (on reply brief).

For Appellee: Colonel John P. Carrell, JA; Major A.G. Courie, III, JA; Major John K. Choike, JA; Captain Jihan Walker, JA (on brief); Major A.G. Courie, III, JA; Major John K. Choike, JA; Captain Jihan Walker, JA (on supplemental brief).

21 October 2015

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his plea, of unpremeditated murder, aggravated sexual assault of a child, rape of a child, and battery upon a child, in violation of Articles 118, 120, 120b and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 918, 920, 920b, 928 (2012, 2006 & Supp. V) [hereinafter UCMJ]. The military judge sentenced appellant to a dishonorable discharge, confinement for life without the possibility of parole, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority approved the sentence as adjudged, but waived the automatic forfeitures for a period of six months, until Expiration of Term of Service, or release from confinement, whichever is earlier, with direction that these funds be paid for the benefit of appellant's children.

This case is before us for review pursuant to Article 66, UCMJ. Appellate defense counsel raised four assignments of error and appellant personally raised

matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We find one issue raised—the convening authority's initial action—merits discussion and relief. Those matters personally raised by appellant pursuant to *Grostefon* are without merit.

On 8 March 2013, the convening authority approved appellant's request for deferment of automatic and adjudged forfeitures until action pursuant to his authority under Article 57(a), UCMJ. At action on 9 January 2014, he approved the sentence as adjudged. In the same action the convening authority waived automatic forfeiture of all pay and allowances. However, the convening authority failed to disapprove the adjudged forfeitures, leaving no pay and allowances to waive for the benefit of appellant's dependents.

First, we note waiver of forfeitures for the benefit of dependents is applicable to automatic forfeitures, not adjudged. *See* Article 58b(b), UCMJ. Second, upon approving the adjudged forfeitures in the initial action, the convening authority's attempt to then waive the automatic forfeitures created legal impossibility. *See generally United States v. Emminizer*, 56 M.J. 441 (C.A.A.F. 2002). We find that the clear intent of the convening authority at the time of action was to disapprove the adjudged forfeitures, to waive the automatic forfeitures, and to direct those funds to be payable for the benefit of appellant's children. His failure to accomplish that intent was an administrative error. Therefore, in order to effectuate the clear intent of the convening authority and in the spirit of judicial economy, we will correct this error by granting relief in our decretal paragraph.

## CONCLUSION

On consideration of the entire record, those matters personally raised by appellant pursuant to *Grostefon*, and the assigned errors, the findings of guilty are AFFIRMED. Only so much of the sentence as provides for a dishonorable discharge, confinement for life without the possibility of parole, and reduction to the grade of Private E1 is AFFIRMED. All rights, privileges, and property, of which appellant was deprived by virtue of that portion of his sentence being set aside by this decision, are ordered restored. *See* UCMJ arts. 58(b) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2