# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39105**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Derek R. MOORE**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 29 September 2017

————————————

*Military Judge:* Natalie D. Richardson.

*Approved sentence:* Dishonorable discharge, confinement for 25 years, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 2 March 2016 by GCM convened at Luke Air Force Base, Arizona.

*For Appellant:* Major Mark C. Bruegger, USAF.

*For Appellee:* Lieutenant Colonel Joseph Kubler, USAF; Major Mary Ellen Payne, USAF; Major Meredith L. Steer, USAF; Captain Michael T. Bunnell, USAF; Gerald R. Bruce, Esquire.

Before DREW, MAYBERRY, and DENNIS, *Appellate Military Judges.*

Judge DENNIS delivered the opinion of the court, in which Chief Judge DREW and Senior Judge MAYBERRY joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

DENNIS, Judge:

A general court-martial composed of a military judge sitting alone convicted Appellant, consistent with his pleas pursuant to a pretrial agreement, of one specification of sexual assault of a child, seven specifications of sexual

abuse of a child, and one specification of wrongful possession of child pornography, in violation of Articles 120b and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920b, 934. The military judge sentenced Appellant to a dishonorable discharge, confinement for 25 years, forfeiture of all pay and allowances, and reduction to the grade of E-1. Appellant was credited with 264 days of pretrial confinement credit and an additional 261 days for illegal pretrial punishment.

In his sole assignment of error, Appellant alleges that his illegal pretrial punishment warrants additional confinement credit. We disagree. However, having found errors in the post-trial processing of Appellant's case, we set aside the convening authority's action and order new post-trial processing.

## I. BACKGROUND

Appellant, by his own admission, was "addicted" to engaging in sexual misconduct with children under the age of 16. From 4 July 2014 to 8 February 2015, Appellant inappropriately touched and/or communicated with six girls, ranging in age from 7 to 15. Five of these victims were his cousins, whom he met and befriended following a family event. The youngest victim, AY, was the daughter of a fellow Airman and single mother whom he would babysit as a favor. Between 12 January 2012 and 15 June 2015, Appellant also wrongfully possessed child pornography, including images he requested from his victims.

Appellant was placed into pretrial confinement on 12 June 2015 and, despite a motion requesting release, remained confined until his trial. Upon his initial entry, Appellant was classified as a "medium-in" confinee. This status gave him liberty to leave the facility with a single escort, with or without shackles or handcuffs. Appellant was escorted to the gym annex ten times while in "medium-in" custody. On 13 July 2015, Appellant was re-classified as a "maximum custody" confinee, based solely on a change to the Air Force Instruction governing confinement, Air Force Instruction (AFI) 31-105, *Air Force Corrections System* (15 Jun. 2015). While classified as a "maximum custody" confinee, Appellant was not permitted to leave the facility except to visit the barbershop or his defense counsel.

Appellant left the facility on 12 separate days during the 233 days he was classified as a "maximum custody" confinee. When out of the facility, he was at all times shackled, handcuffed, and escorted by two armed guards. A witness working at the confinement facility testified that he was not permitted to use the gym while a maximum custody confinee because "moving around the gym with handcuff shackles" would present "a safety concern." When inside the facility, he could move freely between his cell and the common areas for 16 hours per day. However, because he was not permitted to commingle with post-trial inmates, he would alternate common area access in four-hour periods when

there were no post-trial detainees present. The common area included a recreation area with a 15-foot hallway, but did not include any fitness equipment.

On one occasion while inside the facility, a guard served Appellant expired yogurt. When Appellant commented on the expiration date, the guard said, "This mother f****r's complaining about expired food; he's the one who's a pedophile child molester." The statement was made so that everyone in the Base Defense Operations Center and the confinement facility could hear it.

Appellant's trial defense counsel filed a motion seeking "4-for-1 credit" for illegal pretrial punishment. The military judge found that (1) the classification change to maximum custody was arbitrary; (2) it was more rigorous than necessary to ensure Appellant's presence at trial; (3) it was not reasonably related to a legitimate governmental objective; and (4) it was unduly harsh. Based on these findings, she awarded Appellant an additional 261 days pretrial confinement credit. Specifically, the military judge awarded Appellant an additional two days for each day he was escorted outside the facility—totaling 24 days—an additional four days for the day he was ridiculed by the guard—totaling four days—and an additional 233 days for each day he was classified as "maximum custody."

## II. DISCUSSION

### A. Pretrial Confinement Credit

Article 13, UCMJ, 10 U.S.C. § 813, prohibits the intentional imposition of punishment on an accused before trial and pretrial confinement conditions that are more rigorous than necessary to ensure the accused's presence at trial. *United States v. Inong*, 58 M.J. 460, 463 (C.A.A.F. 2003). The ultimate issue of unlawful pretrial punishment presents a mixed question of law and fact. *United States v. McCarthy*, 47 M.J. 162, 165 (C.A.A.F. 1997) (citing *Thompson v. Keohane*, 516 U.S. 99, 111–12 (1995)). Whether an appellant was subject to the intentional imposition of punishment before trial "entails a purpose or intent to punish an accused before guilt or innocence has been adjudicated." *Id.* On facts such as these, "we will defer to the trial judge who is in the best position to evaluate them, and on those points, we will reverse only for a clear abuse of discretion." *Id.* In the analysis section of the ruling, the military judge concluded that "there was no purpose or intent by any governmental authority to punish the accused, and that there was no imposition of punishment prior to trial."

Despite having received an additional 261 days credit, Appellant now challenges the military judge's ruling that he was not entitled to relief for his lack of access to the gym annex.

The military judge issued thorough, well-supported findings of fact concerning Appellant's motion at trial. The military judge concluded the Defense had not shown that, as either a medium or maximum pretrial confinee, Appellant was entitled to rehabilitation services, including physical exercise, as outlined in AFI 31-105. We agree. The instruction on which Appellant so heavily relies identifies physical fitness "as an integral part of the correctional treatment program." The military judge correctly noted that pretrial confinement is not correctional and properly denied Appellant's request for additional pretrial confinement credit for lack of access to the gym.[*]

Even if Appellant were entitled to the physical exercise and recreation services listed in AFI 31-105, the record makes clear that limiting Appellant's access to the gym was for safety reasons. Such a purpose would not violate Article 13, UCMJ.

## B. Post-trial Processing

Although not raised by Appellant, we note several errors in his post-trial processing. The proper completion of post-trial processing is a question of law, which this court reviews de novo. *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (citing *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004)). When reviewing post-trial errors, we will grant relief if an appellant presents "some colorable showing of possible prejudice." *LeBlanc*, 74 M.J. at 660 (quoting *United States v. Scalo*, 60 M.J. 435, 437 (C.A.A.F. 2005)).

### 1. Victim Clemency Submissions

We first note that there are two victim letters included with clemency matters in the record of trial, one of which was read aloud during the sentencing proceeding and is also marked as an appellate exhibit. The other letter is from AY's mother. It is neither dated nor marked, nor was it listed as an attachment to the staff judge advocate's recommendation or addendum. R.C.M. 1107(b)(3)(A)(iii) specifically requires the convening authority to consider such a statement before taking action. "However, if the convening authority considers matters adverse to the accused from outside the record, with knowledge of which the accused is not chargeable, the accused shall be notified and given an opportunity to rebut." *Id.* Here, we have no evidence to establish whether the letter was considered by the convening authority or whether Appellant was

---

[*] In light of this finding, we need not address Appellant's new request for an additional 21 days of pretrial confinement credit because he was not afforded access to the fitness facility three times per week while in "medium-in" custody.

afforded notice and opportunity to respond. Without such evidence, we find a colorable showing of possible prejudice.

### 2. Convening Authority's Action

In accordance with the terms of the pretrial agreement (PTA), the convening authority ordered that mandatory forfeitures under Article 58b, UCMJ, 10 U.S.C. § 858b, be waived for a period of up to six months and paid to Appellant's spouse. However, the convening authority did not suspend or otherwise modify the *adjudged* forfeiture of all pay and allowances as required by *United States v. Emminizer*, 56 M.J. 441 (C.A.A.F. 2002). The failure to do so resulted in no mandatory forfeitures that could be waived. It would appear this error was overlooked by all parties, as the record is void of any discussion concerning the impact of the adjudged forfeitures on the waiver provision included in Appellant's PTA.

In response to this court's order to show cause, the Government filed a motion to attach declarations from a financial service technician and the Chief of Military Justice at Luke Air Force Base. The financial service technician's declaration establishes that Appellant's dependents did, in fact, receive Appellant's pay and allowances in accordance with the terms of the PTA, as if the convening authority had modified the adjudged forfeitures. Nevertheless, if left uncorrected, the error could create a liability for future recoupment action against Appellant or his dependents. *See United States v. Lajaunie,* 60 M.J. 280, 281 (C.A.A.F. 2004).

While this issue could ordinarily be resolved by this court's disapproval of the adjudged forfeitures, *United States v. Johnson,* 62 M.J. 31, 38 (C.A.A.F. 2005), the declaration from the Chief of Military Justice includes evidence that the convening authority did not intend to disapprove the forfeitures. Given this ambiguity between his action and the evidence before this court, the matter is best left to the convening authority as the case will be returned for new post-trial processing to resolve the issue with the victim clemency submissions.

### III. CONCLUSION

The convening authority's action, dated 30 June 2016, is **SET ASIDE**. The record of trial is returned to The Judge Advocate General for new post-trial processing consistent with this opinion. Thereafter, the record of trial shall be

returned to this court for completion of appellate review under Article 66, UCMJ, 10 U.S.C. § 866.


FOR THE COURT


KURT J. BRUBAKER
Clerk of the Court