# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39771 (rem)**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Ryan J. MICHALEC**
Technical Sergeant (E-6), U.S. Air Force, *Appellant*

———————————

On Remand from

The United States Court of Appeals for the Armed Forces

Decided 24 September 2021

———————————

*Military Judge:* Shaun S. Speranza.

*Approved Sentence:* Dishonorable discharge, confinement for 20 years, forfeiture of all pay and allowances, and reduction to E-3. Sentence adjudged 23 May 2019 by GCM convened at Joint Base Charleston, South Carolina.

*For Appellant:* Captain David L. Bosner, USAF.

*For Appellee*: Mary Ellen Payne, Esquire.

Before POSCH, RICHARDSON, and MEGINLEY, *Appellate Military Judges*.

Judge MEGINLEY delivered the opinion of the court, in which Senior Judge POSCH and Judge RICHARDSON joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

MEGINLEY, Judge:

This case is before us for the second time. In Appellant's initial appeal, we affirmed the findings and sentence. *United States v. Michalec*, No. ACM 39771, 2021 CCA LEXIS 25, at *52 (A.F. Ct. Crim. App. 26 Jan. 2021) (unpub. op.). The United States Court of Appeals for the Armed Forces (CAAF) granted review on the specified issue of whether this court's decision was ambiguous as to whether it affirmed that part of Appellant's sentence which called for forfeiture of all pay and allowances. *United States v. Michalec*, ___ M.J. ___, No. 21-0196, 2021 CAAF LEXIS 506, at *2 (C.A.A.F. 1 Jun. 2021). At the same time that the decision of this court was affirmed as to the findings, the CAAF found our decision was ambiguous as to the sentence we had affirmed. *Id.* Accordingly, the CAAF set aside our decision as to the sentence, and returned the case to The Judge Advocate General for remand to this court for clarification. *Id.*

Appellant's court-martial adjudged the following sentence: dishonorable discharge, confinement for 20 years, forfeiture of all pay and allowances, and reduction to the grade of E-3. The convening authority approved the adjudged sentence, without modification, but deferred adjudged forfeitures until action and waived automatic forfeitures in favor of Appellant's dependents. With respect to the issue of forfeitures, the convening authority's action specifically states:

> Pursuant to Article 58b, Section (b), [Uniform Code of Military Justice], all of the mandatory forfeitures were waived for a period of 6 months or release from confinement, whichever is sooner, from 6 June 2019. The total pay and allowances was directed to be paid to [JM], spouse of the accused, for the benefit of herself and the accused's dependent children.

In our initial decision, we correctly noted the deferral and waiver, but incorrectly stated that the convening authority had "disapproved the adjudged forfeitures at action." *Michalec*, 2021 CCA LEXIS 25, at *2. However, by stating in his action that "the sentence is approved and, except for the dishonorable discharge, will be executed," the convening authority failed to disapprove, modify, or suspend the adjudged forfeitures before waiving the mandatory forfeitures. *See United States v. Emminizer*, 56 M.J. 441, 445 (C.A.A.F. 2002). Consequently, our decision was unclear whether the adjudged forfeiture of all pay and allowances was affirmed.

After examining the post-trial documents pertinent to this issue, including Appellant's brief, we conclude the convening authority intended to provide Appellant's spouse with Appellant's full pay and allowances for the maximum amount of time allowed by law, which according to Appellant, did occur. In

*United States v. Johnson*, the CAAF corrected a similar error by disapproving the adjudged forfeitures, finding the convening authority intended for appellant's spouse to receive compensation. 62 M.J. 31, 38 (C.A.A.F. 2005). In the interest of judicial economy, we have decided to correct the error in a similar fashion. The adjudged forfeitures are therefore disapproved. *See also United States v. Arindain*, 65 M.J. 726, 731 (A.F. Ct. Crim. App. 2007) (agreeing that convening authority intended to provide appellant's daughter with "the appellant's full pay and allowances for the maximum amount of time allowed by law").

On remand, we clarify that only so much of the sentence that includes a dishonorable discharge, confinement for 20 years, and reduction to the grade of E-3, is approved. Articles 59(a) and 66(c), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(c) (*Manual for Courts-Martial, United States* (2016 ed.)). Accordingly, the approved sentence as modified is **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court