UNITED STATES

v.

**Gerald R. PFLUEGER, III, Lance Corporal (E–3), U.S. Marine Corps.**

NMCCA 200400213.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 24 March 2000.

Decided 5 Dec. 2006.

Lt. Richard McWilliams, JAGC, USNR, Appellate Defense Counsel.

Capt. Roger Mattioli, USMC, Appellate Government Counsel.

CDR Charles N. Purnell, JAGC, USN, Appellate Government Counsel.

Before RITTER, Senior Judge, FELTHAM, and WHITE, Appellate Military Judges.

FELTHAM, Judge:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of making a false official statement, four specifications of larceny by using another Marine's ATM card to withdraw cash from that Marine's account, and obstruction of justice by destroying the ATM card. The appellant's offenses violated Articles 107, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 921, and 934. The convening authority approved the adjudged sentence of confinement for four months, reduction to

pay grade E–1, and a bad-conduct discharge, but suspended the bad-conduct discharge and confinement in excess of 90 days for a period of 12 months.

On appeal, the appellant claimed he had been denied speedy review of his conviction. We agreed and, on 30 July 2004, affirmed the findings and only that portion of the sentence that extended to confinement for four months and reduction to pay grade E–1. *United States v. Pflueger*, No. 200400213, unpublished op. (N.M.Ct.Crim.App. 30 Jul 2004).

The appellant then appealed to our superior court, which, on 24 January 2005, granted review of the following issue:

Whether the Navy–Marine Corps Court of Criminal Appeals awarded meaningful sentence relief (not affirming an automatically remitted bad-conduct discharge) after it found sentencing relief to be appropriate under *United States v. Tardif*, 57 M.J. 219 (C.A.A.F.2002) for unreasonable post-trial delay.

*United States v. Pflueger*, 60 M.J. 464, 465 (C.A.A.F.2005).

Following oral argument, our superior court concluded that the parties, in their briefs and oral arguments, "did not provide a definitive answer to the question of the legal and practical effect of the remission of the adjudged bad-conduct discharge," and remanded the record to us for consideration of the following:

(1) whether the appellant was entitled to financial compensation or other relief under Article 58b(c), UCMJ, or otherwise as a result of the remission of the adjudged bad-conduct discharge by the convening authority; and, if so, the duration and amount of such compensation or other relief;

(2) whether the appellant was entitled to financial compensation or other relief under Article 58b(c), UCMJ, or otherwise as a result of our 30 July 2004 decision to approve a sentence that did not include a bad-conduct discharge; and, if so:

(a) the duration and amount of such compensation or other relief; and

(b) whether such compensation or other relief was in addition to any compensation or other relief to which the appellant was entitled under item (1) above; and

(3) such other matters as we deem appropriate with respect to the form of relief warranted in this case under *Tardif.*

*Pflueger*, 61 M.J. 272 (C.A.A.F.2005).

## Applicability of Article 58b(c), UCMJ

The convening authority took the following action:

In the special court-martial case of Lance Corporal Gerald R. Pflueger ... U.S. Marine Corps, tried on 24 March 2000, at Twentynine Palms, California, the sentence is approved and, except for the bad conduct [sic] discharge, ordered executed, but that portion of the sentence adjudging all confinement in excess of 90 days and the bad conduct [sic] discharge is suspended for a period of twelve months from the date of this action, at which time, unless sooner vacated, the suspended portion of the sentence will be remitted without further action.

Convening Authority's Action of 1 Feb 2001.

Although the appellant was sentenced to confinement for less than six months, mandatory forfeitures applied because his sentence also included a punitive discharge. Article 58b(a)(1) and (2), UCMJ, 10 U.S.C. § 858b(a)(1) and (2). Because the punitive discharge was suspended for a period of twelve months from the date of the convening authority's action, it was automatically remitted upon completion of this period. RULE FOR COURTS—MARTIAL 1108(a), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.). "Remission cancels the unexecuted part of a sentence to which it applies." *Id.* "The 'unexecuted part of any sentence' includes that part which has been approved and ordered executed but which has not actually been carried out." R.C.M. 1108(b). Remission only applies to sentence execution. *Id.* It does not reduce the sentence adjudged by a court-martial, or the sentence approved by the convening authority. *Id.* It only affects that part of the adjudged sentence

which has been approved and ordered executed, but not yet carried out. *Id.*

■ The fact that a convening authority remits part of an adjudged sentence does not mean the remitted portion is disapproved; rather, it only means the remitted portion will never be executed. *United States v. Gaines,* 61 M.J. 689, 695–96 (N.M.Ct.Crim. App.2005) *rev. granted,* 64 M.J. 79 (C.A.A.F. 2006). Although it will never be executed, the remitted portion of a sentence is still part of the adjudged punishment. *Id.*

■ In the instant case, the punitive discharge remained part of the adjudged and approved sentence, even though it was eventually remitted by the convening authority at the end of the 12–month suspension period. Because the punitive discharge remained part of the adjudged and approved sentence after it was remitted, it continued to qualify the appellant for automatic forfeitures until it was disapproved in our decision of 30 July 2004. But for our action, the appellant would have continued to qualify for automatic forfeitures, despite the remission of the punitive discharge. Therefore, he was not entitled to financial compensation or other relief under Article 58b(c), UCMJ, or otherwise, as a result of the remission of the adjudged bad-conduct discharge by the convening authority. We answer our superior court's first question in the negative.

■ With regard to the second question, our 30 July 2004 decision to approve a sentence that did not include a bad-conduct discharge entitled the appellant to financial compensation under Article 58b(c), UCMJ.

> Because mandatory forfeitures are keyed to specific types of sentences set forth in the statute, there is provision for repayment if appellate review results in a change in the sentence. If the sentence is subsequently set aside or disapproved, or if it is modified so that it no longer provides for a qualifying punishment under Article 58b(a)(2), any amounts taken for purposes of mandatory forfeitures are returned to the member. Art. 58b(c).

*United States v. Emminizer,* 56 M.J. 441, 443 (C.A.A.F.2002).

The Department of Defense Financial Management Regulation, Volume 7A ("Military Pay Policy and Procedures Active Duty and Reserve Pay") provides information and guidance for the administration of military pay. In addressing the effect of courts-martial sentences on military pay and allowances, it states that if the sentence of a service member who forfeits pay and allowances pursuant to Article 58b, UCMJ, is set aside or disapproved, or, as finally approved, does not provide for a punishment listed in Article 58b(a)(2), the member is to be paid the pay and allowances that the member would have been paid except for the forfeiture, for the period during which the forfeiture was in effect. DoD Financial Management Regulation, Volume 7A, Chapter 48, paragraph 480306.D. The payment should be reduced by the amount of any forfeiture that was waived and paid to the member's dependents. *Id.* The net refundable automatic forfeiture amount to be paid to the member is current year taxable income subject to appropriate withholding of federal, state, and FICA taxes. *Id.*

According to the plain language of Article 58b(c), UCMJ, and paragraph 480306.D, Chapter 48, Volume 7A of the DoD Financial Management Regulation, our 30 July 2004 decision approving a sentence that did not include a bad-conduct discharge entitled the appellant to repayment of all amounts that were taken from his pay as a result of automatic forfeitures. Prior to our decision, the punitive discharge, although remitted, remained part of the approved sentence and continued to qualify him for automatic forfeitures. Remission did not trigger the appellant's entitlement to repayment of the automatic forfeitures; our decision did. Therefore, we answer our superior court's second question in the affirmative.

Calculating the duration and amount of the repayment falls under the cognizance of the Defense Finance and Accounting Service (DFAS). As an Article 66(a), UCMJ, 10 U.S.C. § 866(a), Court of Criminal Appeals, it is sufficient for us to conclude that all amounts taken from the appellant for purposes of automatic forfeitures must be repaid. Thereafter, DoD Financial Manage-

ment Regulation, Volume 7A, Chapter 48, will apply.

With regard to our superior court's two remaining questions, the remission of the suspended bad-conduct discharge did not entitle the appellant to any relief in addition to the remission itself. Therefore, the repayment triggered by our 30 July 2004 decision is the *only* relief to which the appellant is entitled, apart from the remission of the suspended bad-conduct discharge.

Applying the principles in *Tardif* to the specific facts of this case, we find the sentencing relief provided by our decision of 30 July 2004 both appropriate and meaningful. But for that decision, the appellant would have continued to qualify for automatic forfeitures, and would not have been entitled to repayment of those amounts.

### Conclusion

Having answered the questions remanded to us, the record is returned to the Judge Advocate General for action consistent with our superior court's decision of 1 June 2005.

Senior Judge RITTER and Judge WHITE concur.