# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KRIMBILL, BROOKHART, and LEVIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant First Class DERRICK L. ROBERTS**
**United States Army, Appellant**

ARMY 20130609

Headquarters, United States Army Alaska
Stefan R. Wolfe, Military Judge
Colonel Tyler J. Harder, Staff Judge Advocate

For Appellant:  Colonel Elizabeth G. Marotta, JA; Major Jack D. Einhorn, JA; Major Benjamin A. Accinelli, JA (on brief); Colonel Elizabeth G. Marotta, JA; Major Steven J. Dray, JA; Major Benjamin A. Accinelli, JA (on reply brief).

For Appellee:  Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Craig Schapira, JA; Captain Brian Jones, JA (on brief).

27 May 2020

----------------------------------
SUMMARY DISPOSITION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

LEVIN, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of assault consummated by a battery upon a child and one specification of child endangerment, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934 [UCMJ] .  The military judge sentenced appellant to be confined for three months, to forfeit $2,600.00 per month for six months, to be reprimanded, and to be reduced to the grade of E-6.  The convening authority approved five months of the adjudged forfeitures and the remainder of the sentence as adjudged.

The military judge presided over appellant's court-martial on 3 July 2013.  The convening authority took action on 15 December 2014.  The Judge Advocate General referred appellant's case to this court pursuant to his authority under Article

69(d)(1), UCMJ, on 10 February 2019, and it was docketed on 14 February 2019.[1] Appellant raises two assignments of error which warrant discussion and relief: sufficiency of the evidence and post-trial delay.[2]

## LAW AND DISCUSSION

*Sufficiency of the Evidence*

This court reviews legal sufficiency issues de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for legal sufficiency is "whether 'a reasonable factfinder reading the evidence one way could have found all the elements of the offense beyond a reasonable doubt.'" *United States v. Rosario*, 76 M.J. 114, 117 (C.A.A.F. 2017) (citation omitted).

Appellant stands convicted of child endangerment by "endanger[ing] the physical health of [TR], by failing to feed him" on divers occasions. The record establishes, and the government concedes, that there is insufficient evidence to support the specification as charged. TR testified that appellant permitted him to eat ramen noodles, red beans and rice, as well as junk food. There was no evidence to contradict this testimony.

This court is not permitted to alter the findings by broadening a theory of criminality not presented at trial. *See United States v. English*, 79 M.J. 116 (C.A.A.F. 2019); *United States v. Johnson*, ARMY 20131075, 2016 CCA LEXIS 215 (Army Ct. Crim. App. 31 Mar. 2016) (mem. op.). Feed, as used in the specification, is a transitive verb meaning "to give food to." *See* Merriam-Webster Unabridged Online Dictionary, https://www.merriam-webster.com/dictionary/feed (last visited 17 May 2020). The government failed to prove that appellant "failed to give food to" TR.

As the government notes, it could have charged appellant with "failing to adequately feed" TR. *See United States v. Theurer*, 2015 CCA LEXIS 223, at \*5 (A.F. Ct. Crim. App. 28 May 2015) (affirming appellant's conviction for child endangerment for "failing to adequately feed and obtain medical care"). It did not. Reading an adverb such as "adequately" into the charge sheet is beyond this court's authority.

---

[1] Appellant's sentence was sub-jurisdictional; therefore, this court did not receive his case for automatic review under Article 66, UCMJ.

[2] This Court need not address appellant's remaining two claims, both of which are mooted by the relief granted to appellant in the decretal paragraph.

Therefore, the evidence for Specification 2 of Charge III, charging appellant with child endangerment, is legally insufficient and we set aside that finding of guilty and dismiss the specification in our decretal paragraph. This leaves appellant convicted of a single charge of assault consummated by a battery upon a child.

*Post-Trial Delay*

Appellant argues that he was prejudiced by the delay between the convening authority's action and the docketing of this appeal.[3]  We agree.[4]

Given the facially unreasonable length of delay, addressed below, we review this post-trial due process violation claim de novo, balancing the four factors set out in *Barker v. Wingo*, 407 U.S. 514, 530-32 (1972):  (1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice. *United States v. Moreno*, 63 M.J. 129, 136-41 (C.A.A.F. 2006).

The first factor weighs in favor of appellant, in that the length of delay from the time the convening authority completed action to the docketing of this appeal is facially unreasonable. *Moreno* established time standards for post-trial processing and review, the violation of which gives rise to a presumption of unreasonable delay, including a standard of thirty days from convening authority action to docketing at this court. *Id*. at 142.  Our Superior Court made no exception for cases that are referred to this court pursuant to Article 69, UCMJ.  Here, approximately 1,522 days elapsed between the convening authority's completion of the action and the docketing of the appeal, considerably longer than the *Moreno* standard.

The second factor also weighs in favor of appellant.  Under the second factor, we look at the government's responsibility for any delay, as well as any legitimate reasons for the delay, including those attributable to an appellant.  In its brief, the government fails to offer any explanation whatsoever for the delay between December 2014 (action) and February 2019 (docketing with this court), instead focusing in a footnote on the four days between the date this case "was referred to this court . . . and docketed."  A fifty-month delay, left unexplained, weighs in favor of appellant.

---

[3] Appellant also asserts that he was prejudiced by the 530-day delay between sentencing and the convening authority's action, a delay that prompted the convening authority to reduce forfeitures from six months to five months.  We focus our analysis, however, on the greater delay of over four years that followed.

[4] Specification 6 of Charge II alleged that appellant unlawfully struck his teenage son, TR, on the head with an alarm clock.  It is an unfortunate irony that we must once again sound the alarm on an issue involving a failure to keep track of time.

With regard to the third factor, this court is required to examine whether appellant objected to the delay in any way or otherwise asserted his right to a timely review. While the record remains undeveloped, it appears that appellant did not raise the issue of appellate delay until his case was before this court.

However, as the *Moreno* court articulated, an appellant should not be required to complain in order to receive timely processing of his appeal, which is the primary responsibility of the government. *See Moreno*, 63 M.J. at 138. While this factor weighs against appellant, it does so only slightly. *See United States v. Arriaga*, 70 M.J. 51, 57 (C.A.A.F. 2011).

Finally, the fourth factor weighs in favor of appellant. For almost seven years, appellant has stood convicted of one of two crimes for which there was insufficient evidence, a conviction which may very well have contributed to significant financial penalties at sentencing. For almost seven years, appellant has suffered the stigma of that conviction and the collateral consequences that reasonably followed both the conviction and the ensuing sentence. Even absent prejudice, a "constitutional due process violation still occurs if . . . 'the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system.'" *Arriaga*, 70 M.J. at 56 (citing *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006)). In this case, though, there is actual prejudice in the form of an unsupported long-standing conviction and financial consequences of his punishment.

Weighing all of the above, we find a due process violation in the appellate review of the appellant's court-martial. Once a denial of a speedy appeal has been found after the balancing of the four *Barker* factors, reviewing authorities "should 'tailor an appropriate remedy, if any is warranted, to the circumstances of the case.'" *Moreno*, 63 M.J. at 143 (quoting *United States v. Jones*, 61 M.J. 80, 86 (C.A.A.F. 2005)).

In *Moreno*, our superior court provided a nonexclusive list of relief available for post-trial delays which includes, in pertinent part, (1) setting aside all or portions of an approved sentence, and (2) dismissal of the charges and specifications with or without prejudice. *Moreno*, 63 M.J. at 143. Fashioning such a remedy for excessive post-trial delay is within our broad discretion under Article 66, UCMJ. *United States v. Pflueger*, 65 M.J. 127, 128 (C.A.A.F. 2007).

The due process violation resulting from the post-trial delay in this case warrants meaningful relief as long as relief is available that is not also disproportionate to the harm caused. *See United States v. Rodriquez-Rivera*, 63 M.J. 372, 386 (C.A.A.F. 2006). We have considered the totality of the circumstances and the types of relief that may be appropriate here. Because appellant has served his full term of confinement, reduction of the confinement would afford him no

4

meaningful relief. Given the length of time that has passed since appellant's conviction, we can have no confidence that disapproving the reduction in rank or the forfeitures would serve any useful purpose. Accordingly, we dismiss the remaining charge and specification as the only meaningful and proportionate relief available under the circumstances.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence are SET ASIDE, and the charges and their specifications are DISMISSED. All rights, privileges, and property of which appellant has been deprived by virtue of the set aside findings and sentence are ordered restored.

Chief Judge KRIMBILL and Senior Judge BROOKHART concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court